## MISSOURI PAC. R. CO. v. GUEST.*
### (No. 3171.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 9, 1926. Rehearing Denied Feb. 18, 1926.)

1. **Carriers ⟨key⟩187—In suit against initial carrier for damages to corn from leaky cars diverted from destination, defendant not entitled to peremptory instruction; Carmack Amendment (Act Cong. June 29, 1906, § 7, pars. 11, 12 [U. S. Comp. St. §§ 8604a, 8604aa]) not applying.**

In action against initial carrier for damages to four carloads of corn, which had been diverted from original destination, resulting from leaky cars, defendant was not entitled to peremptory instruction, since there was legal basis for damages, Carmack Amendment (U. S. Comp. St. §§ 8604a, 8604aa) having no application.

2. **Carriers ⟨key⟩185(3)—Jury had right to conclude diverted shipment was damaged due to weather conditions and leaky cars before it reached original destination.**

Where four cars of corn, shipped from Colorado to Texas, were diverted from original destination to points 23 and 50 miles beyond, and arrived in damaged condition due to leaky cars, jury had right to conclude damage resulted from weather conditions before cars reached original destination.

3. **Trial ⟨key⟩352(5)—Issue may be submitted assuming that rain and snow fell, where damaged shipments of corn showed such to have been the case.**

In action for damaged corn shipments, it was not error to submit issue assuming that rain and snow fell, when condition of grain at destination showed circumstantially that rain and snow had been encountered.

4. **Evidence ⟨key⟩548—Grain inspector may be properly asked opinion as to whether corn was in condition to be shipped without damage.**

In action for damaged shipments of corn, it was proper to ask inspector, who examined it in transit, whether in his opinion shipment was in condition to be shipped without damage if handled with ordinary care.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Action by D. M. Guest against the Missouri Pacific Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Leake, Henry, Wozencraft & Frank, of Dallas; and Bibb & Caven, of Marshall, for appellant.

Cary M. Abney and Lane & Lane, all of Marshall, Campbell & Campbell, of Longview, and Davidson, Blalock & Blalock, of Marshall, for appellee.

HODGES, J. This appeal is from a judgment for damages growing out of four shipments of corn from outside of the state to points within the state of Texas. The pleadings and facts show that on or about February, 1924, the Beck-Mattox Brokerage Company, of Marshall, Tex., purchased four carloads of corn from parties in Colorado. The grain was delivered in Colorado to the appellant, Missouri Pacific Railroad Company, for shipment, and loaded in cars furnished by that company. Shipper's order bills of lading were issued, reciting that the corn was received in apparent good condition, and naming Marshall, Tex., as the destination. Before the cars arrived at Marshall, an order for diversion was presented to the Texas & Pacific Railway Company, the terminal carrier. The consignee directed in that order that two of the cars should be carried on to Longview, and two to Henderson, Tex. When the corn reached these points it was found to be in a damaged condition, and the purchasers to whom it had been sold and consigned in the diversion orders refused to receive it, and the corn was subsequently sold at a loss. The claim of the Beck-Mattox Brokerage Company for the resulting damages was assigned to the ap-

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction April 20, 1926.

pellee, D. M. Guest, and he later filed this suit, claiming damages in the sum of $1,840.-07. The Texas & Pacific and the International & Great Northern Railway companies were made parties defendant, but were discharged under peremptory instructions in the trial below.

The basis of liability on the part of the appellant, the initial carrier, is negligence in furnishing defective cars. It is alleged, and the proof showed, that each of the cars had a defective roof which permitted water and snow to leak through upon the corn, and that the damage resulted from that cause. The case was submitted to a jury on special issues, and upon the answers returned the court entered a judgment against the appellant for the sum of $1,694.34.

[1] In the back of the appellant's brief are grouped thirty-eight assignments of error. In presenting the argument, only seven propositions of law are stated. Under the first three of these it is contended that a peremptory instruction in favor of the appellant should have been given, because there was no legal basis for any damages in the evidence. That argument is apparently predicated upon the assumption that this is a suit to hold the appellant liable as an initial carrier under the provisions of the federal law known as the Carmack Amendment (U. S. Comp. St. §§ 8604a, 8604aa); and since the evidence shows that the shipments were diverted from their original destination, that law has no application. But that is not the character of this suit. On the contrary, the appellant bases his action on the charge of negligence of the appellant in furnishing defective cars. The jury found, in response to specific questions, that each of the four cars had a leaky roof, and that this defective condition was the proximate cause of the damage to the grain.

[2] It may be true, as contended by counsel for appellant, that the carrier was bound only to furnish cars that would carry the grain in good condition to its original destination, Marshall, Tex., and, if the grain was damaged by conditions occurring after it left Marshall, appellant would not be liable, even though the cars were defective. The evidence shows that the cars passed through Marshall, but were carried without stopping to their diverted destinations. It was also shown that Longview, a point to which two of the cars were diverted, is on the same line of railway as Marshall, and only 23 miles distant; that Henderson is on another line of railway, but only 50 miles from Marshall. In order to reach both Longview and Henderson, the cars had to pass through Marshall, over the line of the Texas & Pacific Railway Company. Since the grain was shipped from a point so far distant from Marshall as Colorado, at a season of the year when rain and snow frequently fall, the jury had a right to conclude that the damage resulted from weather conditions occurring before the cars reached Marshall. There is no contention that the evidence was not sufficient to sustain a finding that the grain was damaged, and that the damage resulted from the leaky condition of the covering of the cars.

All of the cars were carried on through bills of lading. The value of the grain was practically the same at Marshall, Longview, and Henderson; the only difference being the difference in the freight rate from the point of destination to these different places. The evidence shows that the freight rate was the same to Longview as to Marshall, and that the value of the corn was also the same; that the freight rate to Henderson was 3 cents on the hundred pounds higher than to Marshall. There is no contention that the court rendered judgment for excessive damages.

[3] It is also insisted that the court erred in presenting an issue in the following form:

"Was the car in which the corn was shipped from Brampton, Colo., in a defective and leaky condition and insufficient to protect the corn from rain and snow?"

Three other questions regarding three other cars were in substantially the same form. The objection is that these questions assume that rain and snow fell. There was no direct evidence upon that issue, but the condition in which the grain was found when delivered to the consignees showed circumstantially that the cars had encountered rain or snow prior to the time they reached Marshall.

[4] It is further contended that the evidence was insufficient to sustain a finding that the damaged condition of the corn was due to the leaky condition of the roof, and not inherent causes. The appellee offered testimony of inspectors who examined the corn as it passed through Kansas, and they testified without contradiction that the corn was in good condition. An objection is made to the manner in which those inspectors were interrogated. The form of the question propounded was as follows:

"State whether or not in your opinion the contents of the cars you examined were in such condition that the same could be shipped without being damaged in transit if handled with ordinary care."

The objection is that the question called for an answer based upon a conclusion of the witness and upon a combination of circumstances. We think the objection is untenable. There is no such complexity about the question as would make its form improper, when propounded to one who from experience was capable of forming a reliable opinion as to the facts sought.

The judgment will be affirmed.